**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10449 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00333-WHO-1 |
| v. | |
| JAMES MICHAEL DURGIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, III, District Judge, Presiding

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

James Michael Durgin appeals from the district court's judgment and challenges the 15-month sentence imposed following his guilty-plea conviction for escape from custody, in violation of 18 U.S.C. §§ 751(a), 4082(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Durgin contends that the district court impermissibly lengthened his sentence in order to promote his rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011). We review for plain error, *see United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011), and conclude that there is none. The district court's recommendation that the Bureau of Prisons designate Durgin to a facility in Massachusetts near his family who could support him when he is released was not improper. *See Tapia*, 564 U.S. at 334 (district court does not run afoul of 18 U.S.C. § 3582(a) by recommending a specific prison facility for the defendant). Moreover, while the court briefly referenced the need for the sentence to promote rehabilitation, the record shows that rehabilitation played no role in the court's sentencing decision. Rather, the court selected a sentence at the bottom of the Guidelines range, with no supervised release to follow, after considering only proper sentencing factors, including the need to provide just punishment for the offense and Durgin's criminal history and characteristics. *See* 18 U.S.C. § 3553(a).

**AFFIRMED.**